IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SENECA SPECIALTY INSURANCE COMPANY, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 17-cv-4119 |
| GARCIA EMPIRE, LLC, D/B/A ROXY'S and DALTON T. ALVEY, | ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, Seneca Specialty Insurance Company ("Seneca"), by and through its attorneys, Kennedys CMK LLP, as and for its Complaint for Declaratory Judgment against the Defendants, Garcia Empire, LLC d/b/a Roxy's and Dalton T. Alvey (collectively, the "Defendants"), and in support thereof, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 in that this action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and cost.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein occurred in this District and the Defendants are domiciled within this District.

**THE PARTIES**

4. Plaintiff Seneca is a corporation duly organized and existing under the laws of the

1

State of Delaware, with its principal place of business located in New York. At all relevant times, Seneca was and is authorized to do business in the State of Missouri.

5. Upon information and belief, at all times relevant hereto, Defendant Garcia Empire, LLC d/b/a Roxy's ("Roxy's") maintained a principal place of business located in Columbia, Missouri.

6. Upon information and belief, at all times relevant hereto, Defendant Dalton Alvey ("Alvey") has a place of residence in Boone County, Missouri.

## NATURE OF THE ACTION

7. This Declaratory Judgment Action seeks a declaration that Seneca has no defense or indemnity obligation with respect to the claims alleged against the Defendants in the underlying bodily injury action involving the assault and battery of a patron of Roxy's.

8. There is a real, substantial and justiciable issue in controversy between the parties with respect to insurance coverage.

9. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Seneca has no adequate remedy at law which will resolve the current controversy.

## FACTUAL BACKGROUND

### I. The Underlying Action

10. On or about May 11, 2015, Neil Desai, M.D. ("Desai") and Heta Desai (together, the "Underlying Personal Injury Plaintiffs") filed a Petition in the Circuit Court of Boone County, Missouri captioned Neil Desai, M.D. and Heta Desai vs. Garcia Empire, LLC, d/b/a Roxy's et al., Civil Department, under Case No. 15BA-CV01547 (the "Underlying Action").[1]

---

[1] Seneca understands that the Underlying Action has since been transferred to the Circuit Court of Jackson County, Missouri.

11. On or about August 13, 2015, the Underlying Personal Injury Plaintiffs filed a First Amended Petition in the Underlying Action.

12. On or about May 20, 2016, the Underlying Personal Injury Plaintiffs filed a First Amended Petition in the Underlying Action, which is the operative complaint in the Underlying Action. A true and complete copy of the Second Amended Petition for Damages in the Underlying Action (the "Second Amended Petition") is attached hereto as **Exhibit A.**

13. In the Second Amended Petition, Desai alleges that on October 2, 2014, Neil Desai was an invitee on Defendant Roxy's premises. Ex. A, ¶ 11.

14. Desai further alleges that Alvey, "an employee, representative or agent of Roxy's", "physically restrained [Desai] and forced him from the premises by grabbing his right (dominant) arm and twisting it behind his back while he escorted [Desai] outside." Ex. A, ¶ 12.

15. Once outside, Desai alleges that "Defendant Alvey released [Desai] and while doing so, broke [Desai's] right arm." Ex. A, ¶ 13.

16. The Second Amended Petition also alleges that Desai was forced to miss work as a result of his injuries. Ex. A, ¶ 14.

17. Desai further generally alleges that Alvey "used force and physical control to remove Plaintiff Neil from Defendant's building." Ex. A, ¶ 17.

18. Desai asserts two counts of negligence in the Second Amended Petition. *See* Ex. A.

19. The first count, which is described as a cause of action for "negligence" directed against Roxy's, alleges that Roxy's breached its duty of care toward Desai, and caused injuries to Desai by, *inter alia,* "inadequately training, supervising and hiring security personnel," "inadequately exercising security services on the premises," 'improperly restricting [Desai's]

3

arum while escorting him from the premises," "negligently providing security for the premises," and "negligently maintaining the premises in a safe condition for business invitees.". Ex. A, ¶¶ 19-20.

20. The second count, which is described as a cause of action for "negligence" directed against Alvey, alleges that Alvey "negligently selected the wrong amount of force" and "negligently perform[ed] work duties," causing Desai's injuries. Ex. A, ¶¶ 24-25.

21. The Second Amended Petition also sets forth a count on behalf of Heta Desai against both Defendants for Loss of Consortium. Ex. A., p. 5.

22. Heta Desai alleges that as a direct and proximate result of Desai's injuries, she has been deprived of earnings, attention, mental care, protection and services, as well as suffered from mental anguish, loss of society, comfort, companionship. Heta Desai further alleges that she has lost work opportunities. Ex. A, ¶¶ 30-31.

## II. The Seneca Insurance Policy

23. Seneca issued policy number BAK-1007725, effective June 3, 2014 through June 3, 2015, to named insured "Garcia Empire, LLC", which contains limits of liability of $1 million each occurrence and $2 million general aggregate, subject to a combined bodily injury/property damage liability deductible of $1,000 (the "Seneca Policy"). A true and correct copy of the Seneca Policy is attached hereto as **Exhibit B.**

24. The relevant Insuring Agreement of the Seneca Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**

**1. Insuring Agreement**

4

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

...

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

25. "Bodily injury" is expressly defined in the Seneca Policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

26. "Occurrence" is expressly defined in the Seneca Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

27. The "Exclusions" and "Definitions" section of the Commercial General Liability Coverage Part of the Seneca Policy (i.e., the part of the policy providing coverage for certain bodily injury claims) are expressly modified by a prominent **"ASSAULT, BATTERY OR ASSAULT AND BATTERY EXCLUSION"** Endorsement which adds the following exclusion:

**Assault, Battery or Assault and Battery**

This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

**(1)** "Assault", "Battery" or "Assault and Battery" committed by any person;

**(2)** The failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by any person;

5

(3) The failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

(4) The failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

(5) "Assault", "Battery" or "Assault and Battery" arising out of the negligent hiring, supervision, or training of any person;

(6) The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of the insured.

25. The Assault, Battery or Assault and Battery Exclusion Endorsement expressly defines the terms "Assault," "Battery," and "Assault and Battery" as follows:

"Assault" means:

(a) an act creating an apprehension in another of immediate harmful or offensive contact, or

(b) an attempt to commit a "Battery".

"Battery" means an act which brings about harmful or offensive contact to another or anything connected to another.

"Assault and Battery" means the combination of an "Assault" and a "Battery".

### III. Claims Correspondence

26. On August 3, 2016, counsel for Defendants wrote to Seneca to enclose a copy of the Second Amended Petition and to demand that Seneca provide a defense and indemnity to the Defendants. A true and correct copy of Seneca's letter is attached hereto as **Exhibit C.**

27. By letter dated September 23, 2016, Seneca wrote to the Defendants to advise that it agreed to defend both Defendants in the Underlying Action, subject to a full and complete reservation of rights. Seneca advised that based upon the language of the Seneca Policy issued to Roxy's, there is no coverage for: (i) any claims arising out of any assault or battery of Neil

Desai; (ii) any intentional conduct of Alvey which caused or contributed to cause damage to the plaintiff; and (iii) punitive damages, to the extent they are sought in the lawsuit. A true and complete copy of Seneca's letter is attached hereto as **Exhibit D.**

28. By letter dated October 11, 2016, counsel for Defendants rejected Seneca's offer to defend under a reservation of rights. A true and correct copy of Seneca's letter is attached hereto as **Exhibit E.**

## AS AND FOR A FIRST CAUSE OF ACTION
## ASSAULT AND BATTERY EXCLUSION – DEFENDANT ALVEY

29. Seneca repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

30. The Second Amended Petition in the Underlying Action alleges that Alvey "physically restrained [Desai] and forced him from the premises by grabbing his right (dominant) arm and twisting it behind his back while he escorted [Desai] outside," and later "released [Desai] and while doing so, broke [Desai's] right arm." Ex. A, ¶¶ 12-13.

31. Grabbing by force, twisting limbs, and breaking an arm falls within the definition of "Battery" set forth in Section (B) of the Seneca Policy's Assault, Battery or Assault and Battery Endorsement, because it constitutes "an act which brings about harmful or offensive contact to another or anything connected to another."

32. Pursuant to the plain terms of Section (A), subparagraph (1) of the Assault and Battery Exclusion, the Seneca Policy does not provide coverage to claims for damages or expenses due to bodily injury' arising out of or resulting from "'Battery' … committed by any person."

33. Further, pursuant to the plain terms of Section (A), subparagraph (6) of the Assault and Battery Exclusion, the Seneca Policy does not provide coverage to claims for

7

damages or expenses due to" bodily injury" arising out of or resulting from "use of any force to protect persons or property whether or not the 'bodily injury' …was intended from the standpoint of the insured or committed by or at the direction of the insured."

34. As a result, the claims set forth in the Underlying Action fall within the exclusionary language of the Seneca Policy, and Seneca has no duty to defend or indemnify Alvey for the claims asserted in the Underlying Action.

WHEREFORE, Seneca seeks a judgment that it has no duty to defend Alvey for the claims asserted in the Underlying Action, and further that Seneca also has no duty to indemnify Alvey in the Underlying Action.

### AS AND FOR A SECOND CAUSE OF ACTION
### ASSAULT AND BATTERY EXCLUSION – DEFENDANT ROXY'S

35. Seneca repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

36. The Second Amended Petition in the Underlying Action alleges that Alvey "physically restrained [Desai] and forced him from the premises by grabbing his right (dominant) arm and twisting it behind his back while he escorted [Desai] outside," and later "released [Desai] and while doing so, broke [Desai's] right arm." Ex. A, ¶¶ 12-13.

37. Grabbing by force, twisting limbs, and breaking an arm falls within the definition of "Battery" set forth in Section (B) of the Seneca Policy's Assault, Battery or Assault and Battery Endorsement, because it constitutes "an act which brings about harmful or offensive contact to another or anything connected to another."

38. The Second Amended Petition in the Underlying Action alleges that Roxy's breached its duty of care toward Desai, by "inadequately training, supervising and hiring security personnel," "inadequately exercising security services on the premises," 'improperly restricting

8

[Desai's] arum while escorting him from the premises," "negligently providing security for the premises," and "negligently maintaining the premises in a safe condition for business invitees," causing Desai's injuries. Ex. A, ¶¶ 19-20.

39. Pursuant to the plain terms of the Assault and Battery Exclusion, Roxy's alleged conduct is excluded from coverage because it constitutes a "failure to suppress or prevent…[a] 'Battery;'" a "failure to provide an environment safe from…'Battery;'" a failure to warn of the dangers of the environment which could contribute to…'Battery;'" and/or "'Battery'…arising out of the negligent hiring, supervision or training of any person."

40. As a result, the claims set forth in the Underlying Action fall entirely within the exclusionary language of the Seneca Policy, and Seneca has no duty to defend or indemnify Roxy's for the claims asserted in the Underlying Action.

WHEREFORE, Seneca seeks a judgment that it has no duty to defend Roxy's for the claims asserted in the Underlying Action, and further that Seneca also has no duty to indemnify Roxy's in the Underlying Action.

### AS AND FOR A THIRD CAUSE OF ACTION
### PUNITIVE DAMAGES – ALL DEFENDANTS

41. Seneca repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

42. In addition to compensatory damages, Second Amended Petition in the Underlying Action seeks punitive damages against the Defendants. *See* Ex. A, ¶ 7.

43. Under Missouri law, an insured is not entitled to insurance coverage for punitive damages.

44. As a result, the claims for punitive damages set forth in the Underlying Action do not fall within the coverage of the Policy, and Seneca has no duty to defend the Defendants for punitive damages in connection with the Underlying Action.

45. Moreover, Seneca has no duty to indemnify the Defendants for punitive damages in connection with the Underlying Action.

WHEREFORE, Seneca seeks a judgment that it has no duty under the Policy to defend or indemnify the Defendants for the claims for punitive damages brought against them in the Underlying Action.

## REQUEST FOR DECLARATORY RELIEF

46. Seneca repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

47. An actual and justiciable controversy exists concerning the rights and obligations of the parties under the Seneca Policy at issue with respect to the Underlying Action.

48. All parties have a claim or interest in the outcome of the declaratory relief sought by this action.

49. Seneca is entitled to a declaration that it is under no duty to defend the Defendants for the claims asserted in the Underlying Action.

50. Moreover, Seneca is entitled to a declaration that it is under no duty to indemnify the Defendants for the Underlying Action.

**WHEREFORE**, Plaintiff Seneca Specialty Insurance Company prays for judgment in its favor and against Defendants Garcia Empire, LLC, d/b/a Roxy's and Dalton T. Alvey as follows:

a. A declaratory judgment that Seneca Specialty Insurance Company has no obligation under the Seneca Policy to defend or indemnify Defendant Dalton T. Alvey in connection with the Underlying Action;

10

b. A declaratory judgment that Seneca Specialty Insurance Company has no obligation under the Seneca Policy; to defend or indemnify Defendant Garcia Empire, LLC, d/b/a Roxy's in connection with the Underlying Action

c. An award of costs and disbursements incurred in this action; and

d. Such other relief that the Court deems just and proper.

Dated: July 11, 2017               By: */s/ Theresa M. Carroll*

KENNEDYS CMK, LLP
Kristin V. Gallagher (seeking admission *pro hac vice*)
Theresa M. Carroll (64037 MO)
120 Mountain View Blvd.
P.O. Box 650
Basking Ridge, NJ 07920
*Attorneys for Plaintiff*
*Seneca Specialty Insurance Company*