UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| SENECA SPECIALTY INSURANCE COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 2:17-cv-04119-NKL |
| GARCIA EMPIRE, LLC d/b/a ROXY's et al., | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are Defendants Neil and Heta Desai's Motion to Dismiss or Stay, Doc. 33, and Plaintiff Seneca Specialty Insurance Company's Cross-Motion for Summary Judgment, Doc. 38. For the following reasons, the Motion to Dismiss is granted, and the Cross-Motion for Summary Judgment is denied as moot.

**I.  Background[1]**

This dispute arises out of an incident that occurred at Defendant Garcia Empire, LLC's nightclub, Roxy's, on October 2, 2014. That night, Defendant Neil Desai was physically restrained and forced from the premises by Defendant Dalton Alvey.[2] While removing Desai, Alvey grabbed Desai's right arm and twisted it behind his back. Once outside, Alvey released Desai, but in doing so broke Desai's arm. Desai and his wife subsequently filed suit against Alvey and Garcia Empire in the Circuit Court of Boone County, Missouri, in May 2015. The Desais alleged that Alvey and Garcia Empire acted negligently, and also raised a claim for loss of consortium on behalf of Heta Desai.

---

[1] The facts are found in the First Amended Complaint, Doc. 19. For purposes of deciding the Motion to Dismiss, the Court accepts Seneca's factual allegations as true and construes them in the light most favorable to Seneca. *See Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

[2] Defendant Alvey was dismissed from the case on 1/19/2018, by stipulation of the parties. Doc. 57.

1

While the underlying case was still pending, on July 11, 2017, Seneca filed the present declaratory judgment action, seeking a declaration that it had no duty to defend or indemnify Alvey or Garcia Empire. On August 14, 2017, Seneca filed an amended complaint to add the Desais as defendants, but it was not until November 7, 2017 that Seneca effectuated service. Meanwhile, on August 17, 2017, the underlying injury case went to trial, and on October 2, 2017, the state court entered judgment in favor of the Desais. In an effort to collect on the judgment, the Desais subsequently filed a state equitable garnishment action pursuant to R.S. Mo. § 379.200 against both Garcia Empire and Seneca.

Seneca removed the equitable garnishment action to federal court on December 21, 2017, and the case was assigned to Judge Howard F. Sachs. On January 12, 2018, it was transferred to the undersigned. Before ruling on a motion to consolidate the two cases, this Court remanded the equitable garnishment proceeding because Seneca failed to obtain Garcia Empire's consent to removal. Having decided the motion to remand, the Court now addresses the Desais' motion to dismiss, Doc. 33, and Seneca's cross-motion for summary judgment, Doc. 38.

The Desais move to dismiss or stay, arguing that the coverage issue Seneca raises involves no matter of federal law, and can be more appropriately adjudicated in the underlying state court action, which involves the same parties, policy, and coverage issue. Alternatively, the Desais contend that Seneca's declaratory judgment action is an inappropriate request for the Court to declare non-liability of a potential tortfeasor. Seneca opposes the motion, arguing that there is no need for the Court to abstain because the issues are ripe for adjudication. Accordingly, Seneca filed a cross-motion for summary judgment.

## II.  Discussion

It is well established that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277,

282 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. Thus, the Supreme Court held in *Wilton* that the standard under which district courts decide whether to dismiss or stay a federal declaratory judgment action during the pendency of a parallel state court proceeding is the discretionary one set out in *Brillhart*.

"Under *Brillhart*, the district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court." *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000) (citations omitted). "If so, the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by Federal law, between the same parties.'" *Id.* (quoting *Brillhart*, 316 U.S. at 495). The Eighth Circuit summarized, in *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005), that suits are parallel when "substantially the same parties litigate substantially the same issues in different forums."

Initially, the Court finds that the present declaratory judgment matter and the state court case are parallel, which Seneca does not challenge. The parties in the instant action are the same as the parties in the state court action, and the coverage issues in both cases are also substantially the same. The state court claims require a determination of whether the underlying tort is covered under the insurance policy, which is the same issue Seneca presents to this Court. Moreover, it is an issue governed by Missouri state law.

Rather than contest whether the proceedings are parallel, Seneca argues that there is no need for the Court to abstain because the issues are ripe for adjudication, Seneca was first to file and therefore its choice of forum should not be disturbed, and because there is no risk of inconsistent rulings. The Court disagrees.

The Eighth Circuit has already rejected the same argument Seneca now advances, in an analogous case, *Capitol Indemnity Corporation v. Haverfield*, 218 F.3d 872 (8th Cir. 2000). There, as here, an insurer sought a declaration that an insured's claim was excluded under a policy. *Id.* at 873-74. While the declaratory judgment action was still pending, the state court entered judgment in the underlying action, and a subsequent state court garnishment proceeding was initiated. *Id.* In *Haverfield*, the federal court maintained jurisdiction because the declaratory judgment action was filed six months before the state court action. *Id.* at 875. The Eighth Circuit reversed, however, holding that "the state court was in the better position to adjudicate the matter," and therefore the district court should have abstained. *Id.*; *see also Western Heritage Ins. Co. v. Sunset Security, Inc.*, 63 Fed. Appx. 965, 967 (8th Cir. 2003) (noting that abstention is required even when the declaratory judgment was filed months before the state court action).

Furthermore, Seneca's authority with regard to the "first filed" rule is inapplicable. *Fru-Con Construction Corp. v. Controlled Air, Inc.* did not involve any declaratory judgment action, but rather involved two parallel contract claims. 574 F.3d 527 (8th Cir. 2009). As such, the case implicated *Colorado River* abstention, not *Brillhart/Wilton*. *Id.* 538. The treatise that Seneca offers for support is equally irrelevant. The section that Seneca cites is located in a "change of venue" chapter, and discusses transfers of venue between federal district courts. *See* 15B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures §

4

3854. Therefore, that Seneca filed the instant action several months before the Desais filed their parallel state proceeding is insufficient grounds to deny the motion to dismiss.

Seneca's argument that there is no risk of inconsistent rulings is also unpersuasive. The argument rests primarily on Seneca's belief that the law is well settled, and that Seneca will prevail. Doc. 40, p. 5 ("no amount of procedural machinations can change the fact that no coverage exists . . ."); p. 22 ("[T]he underlying Complaint, read in conjunction with the Seneca Policy, necessitates a finding that there is no coverage for the Desais' claims."). However, *Brillhart/Wilton* abstention does not require a consideration of the merits of the case. Instead, the overarching question is whether the merits "can be better settled by the state court." *Haverfield*, 218 F.3d at 874. Here, there is a legitimate dispute as to whether the underlying tort is covered under the Seneca policy, which is an issue of state law, and thus the state court is in a better position to adjudicate.

Accordingly, the Court finds that the issues raised in this declaratory judgment action are best resolved by the parallel state court equitable garnishment proceeding. The state court case involves the same parties, the same coverage issues, and state law governs the dispute. Furthermore, the state court is better suited to afford complete relief to the parties. Only if Seneca prevails will the federal declaratory judgment action resolve the matter completely. However, should the defendants prevail here, several issues will remain. Allowing this federal action to proceed would be "uneconomical as well as vexatious," and abstention under *Brillhart* and *Wilton* is warranted.

"So long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention." *Clay Reg'l Water v. City of Spirit Lake, Iowa*, 193 F. Supp. 2d 1129, 1155 (N.D. Iowa 2002) (citing *Wilton*, 515 U.S. at 288 n. 2 (1995)); *Haverfield*,

5

218 F.3d at 875 n. 2 (8th Cir. 2000). However, where the Court "see[s] no reason for the case to return to federal court . . . dismissal rather than a stay is appropriate." *Haverfield*, 218 F.3d at 875 n. 2. Here, the parallel state court action will fully resolve the coverage dispute at issue, and therefore the Court does not see how this case could return to the federal courts. Therefore, dismissal, rather than a stay, is the most appropriate course.

**III.     Conclusion**

For the foregoing reasons, Defendants Neil and Heta Desai's Motion to Dismiss or Stay, Doc. 33, is granted. Plaintiff Seneca Specialty Insurance Company's Cross-Motion for Summary Judgment, Doc. 38, is denied as moot.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 21, 2018
Jefferson City, Missouri